DOMENGEAUX, Chief Judge.
This is a case involving contract interpre-1 tation which arose in the midst of a tort suit. The plaintiff, Raymond Arvie, was working within the course and scope of his employment with Century Telephone Enterprises, Inc. (Century), appellee herein, atop a utility pole owned and maintained by Central Louisiana Electric Company (CLE-CO), appellant herein, when he sustained an injury. The injury occurred when a third party, Mrs. Smith, backed into a guy-wire connected to the utility pole adjacent to the one on which the plaintiff was working. The collision between Mrs. Smith’s vehicle and the guywire caused the utility pole to spring back and forth several times. This action threw the plaintiff alternately up against the pole and back into his safety belt. As a result, the' plaintiff suffered injuries to his knee and back.
*396 The plaintiff sued Mrs. Smith’s insurer and CLECO. The latter third partied Century pursuant to a contract of joint use of utility poles between the parties. CLECO and the insurer settled with the plaintiff. The case went to trial on the issue of whether under the contract Century was liable to CLECO for attorney’s fees and the amount CLECO paid to the plaintiff. The trial judge ruled in favor of Century and CLECO has appealed that judgment.
CLECO contends the trial court erred in not giving effect to the provisions of the joint use contract which provide that under enumerated circumstances each party to the contract will assume liability for injuries to his own employees. Should this court reverse the trial court and hold Century liable to CLECO, the appellant petitions us to address an issue not reached below, i.e., whether an award of attorney’s fees is due the appellant under the terms of the contract.
Article XIV of the joint use contract sets out the standard for determining liability as between the parties for damages and injuries arising out of the joint use of a utility pole covered by the agreement. Article XIV reads as follows:
“LIABILITY AND DAMAGES
Whenever any liability is incurred by either or both of the parties hereto for damages for injuries to the employees or for injury to the property of either party, or for injuries to other persons or their property, arising out of thé joint use of poles under this Agreement, or due to the proximity of the wires and fixtures of the parties hereto attached to the jointly used poles covered by this Agreement, the liability for such damages, as between the parties hereto, shall be as follows:
(a)Each party shall be liable for all damages for such injuries to persons or property caused solely by its negligence or solely by its failure to comply at any time with the practices herein provided for; provided that construction temporarily exempted from the application of said practices under the provisions of Section (e) of Article VII shall not be deemed to be in violation of said practices during the period of such exemption.
(b) Each party shall be liable for all damages for such injuries to its own employees or its own property as are caused by the concurrent negligence of both parties hereto or that are due to causes which cannot be traced to the sole negligence of the other party.
(c) Each party shall be liable for one-half (½) of all damages for such injuries to persons other than employees of either party, and for one-half (½) of all damages for such injuries to property not belonging to either party that are caused by the concurrent negligence of both parties hereto or that are due to causes which cannot be traced to the sole negligence of the other party.
(d) Where, on account of injuries of the character described in the preceding paragraphs of this Article, either party hereto shall make any payments to injured employees or to their relatives or representatives in conformity with (1) the provision of any workmen’s compensation act or any act creating a liability in the employer to pay compensation for personal injury to an employee by accident arising out of and in the course of the employment, whether based on negligence on the part of the employer or not, or (2) any plan for employees’ disability benefits or death benefits now established or hereafter adopted by the parties hereto or either of them, such payments shall be construed to be damages within the terms of the preceding paragraphs numbered (a) and (b) and shall be paid by the parties hereto accordingly.
(e) All claims or damages arising hereunder that are asserted against or affect both parties hereto shall be dealt with by the parties hereto jointly; provided, however, that in any case under *397 the provisions of paragraph (c) of this Article where the claimant desires to settle any such claim upon terms acceptable to one of the parties hereto but not to the other, the party to which said terms are acceptable, may, at its election, pay to the other party one-half (V2) of the expense which such settlement would involve, and thereupon said other party shall be bound to protect the party making such payment from all further liability and expense on account of such claim.
(f) In the adjustment between the parties hereto of any claim for damages arising hereunder, the liability assumed hereunder, by the parties shall include, in addition to the amounts paid the claimant, all expenses incurred by the parties in connection therewith, which shall comprise costs, attorney’s fees, disbursements and other proper charges and expenditures.”
It is the contention of the appellant that Section (b) of Article XIV means that each party to the contract is liable for its own employee’s injuries when those injuries are caused by the concurrent negligence of the parties or the negligence of the other party and any other entity. In other words, CLECO argues it cannot be held liable for the injuries to Century’s employee unless it is the sole cause of those injuries. CLECO concludes that as Mrs. Smith’s negligence contributed to the accident, it was not solely negligent, and therefore, Century should indemnify CLECO for the amount it paid the plaintiff.
While the above formulation is a possible construction of Section (b) of Article XIV, we feel it is incorrect. In interpreting a contract it is our duty to give effect to the logical intention of the parties thereto. Lambert v. Maryland Casualty Company, 418 So.2d 553 (La.1982). To determine that mutual intent, individual provisions to a contract must be viewed as a specific pinpoint of light in a broader spectrum which is the entire document. Lambert v. Maryland Casualty Company, supra; John Bailey Contractor, Inc. v. State of Louisiana Through the Department of Transportation and Development, 439 So.2d 1055 (La.1983).
Looking carefully at the whole of Article XIV we find that Section (a) addresses situations where the negligence of one party to the contract is the sole cause of the damages or injuries. Section (b) requires each party to the contract to be responsible for damages to its own property or injuries to its own employees where the damages or injuries were (1) caused by the concurrent negligence of the parties to the contract, or (2) caused by negligence which cannot be traced to the sole negligence of the other party to the contract. We feel this last phrase is an extension of the concurrent negligence idea and addresses situations where the parties are unable to determine which of them was at fault or whether they were both at fault. To hold an entirely fault-free party responsible for the negligence of the other party to the contract would defeat the original intent of the parties thereto, and would result in an unrealistic construction thereof.
In the present case, the parties stipulated to Century’s lack of negligence. Evidence at trial established that the eause-in-fact of the plaintiff’s injuries was the negligence of Mrs. Smith in backing her vehicle into the guywire. However, the negligence of the appellant is evident in not placing a customary yellow guard on the guywire. In view of its $60,000.00 settlement with the plaintiff and the lack of an appeal on the issue of negligence, we find no error in the trial court’s decision in favor of Century-
Because we affirm the trial court, it is unnecessary for us to address the appellant’s request for attorney fees pursuant to Section (f) of Article XIV.
For the above and foregoing reasons, the decision of the district court is affirmed. All costs of this appeal to be assessed against appellant.
AFFIRMED.